**GERALD J. DI CHIARA**
ATTORNEY AT LAW

3 PARK AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10016

(212) 679-1958
FAX NO. (212) 689-3315

LAURA DI CHIARA, ESQ.

July 30, 2013

Honorable Dora L. Irizzary
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **United States v. Faik Mehmeti**
11 Cr. 486 (S -1) - 043

Dear Judge Irizzary:

Pursuant to Rule 32 of the Federal Rules of Criminal Procedure, this letter and accompanying exhibits are submitted in support of a request for the Court to impose as lenient a sentence, as possible. Faik Mehmeti, hereinafter referred to as Mehmeti, is scheduled for sentencing, before Your Honor, on August 13, 2013, at 3:00 P.M.

## OVERVIEW

## &

## EARLY RESOLUTION

Following the Court's direction, in its individual rules, defendant submitted objections to the PSR and the Government and copied the Court, in a letter, dated June 5, 2013. Since then most of the factual sentencing and guideline issues addressed have since been addressed, resolved and the PSR appropriately amended (see Addendum to Presentence Report, dated June 28, 2013 and Government Letter, dated June 6, 2013). Consequently, 2013,as reflected in the addendum, by Probation, to the PSR, p.2, the defendant's advisory guideline range, after the 2 point global credit, would be 51 to 63 months.

In addition, it is urged that the Court, in determining the appropriate sentence, consider pursuant to § 3553(a): a) the length of time Mehmeti, has served in the MDC, under difficult conditions, for the last two years, b) the personal appeals, for leniency, from Mehmeti, family and friends, accompanying this submission (attached as Exhibits, A & B, for the convenience of the Court a typed version of Mehmeti's letter Exhibit A is included in the Exhibit) which provide insight into the positive & remorseful aspects of Mehmeti, and, most importantly, c) by accepting responsibility early for his acts he served an instrumental role, through counsel, as part of the "Berisha group" in breaking the log-jam, in a case, with more than 50 defendants.

It is submitted that our efforts, by being the first group to resolve their matters, helped in the push to globally resolve, not only the "Berisha" cases, but the cases of the co-defendants. Counsel and co-counsel in the "Berisha Group" met with the Government. Counsel and client helped arrange and participated in co-defendant meetings, at MDC. Multiple co-defendants, far in excess of the "Berisha defendants," attended wherein we exchanged our ideas for resolution and reporting our progress with the Government. By attempting and helping to resolve this case universally the effort helped save the Court and the Government from the needless expense of time and money a protracted litigation would have necessitated.

## PRESENTENCE REPORT

**Guideline Calculation:**

The defense has no objection to the guidelines calculations contained in the ADDENDUM TO THE PRESENTENCE REPORT, dated July 16, 2013.

> Total Guideline Level: 23
> Criminal History Category: II
> Advisory Guideline Range: 51 to 63 months

The following factual issues, although not affecting the guidelines, remain in the PSR. As noted, the Probation Addendum addressed and corrected most of Mehmeti's concerns. The remaining factual issues still exist.

1. PSR ¶ 83(a) is misleading since it gives the impression that Mehmeti after being ticketed continued to commit "phone abuse." Mehmeti may have committed 4 infractions for consensually using the minutes allotted to another inmate but the tickets for the 4 incidents were served upon him at one time after the last infraction; (as noted the motivation for the infractions was his sister's fatal illness);
2. Counsel has requested that information from the entire conspiracy may be inappropriate to include in Mehmeti's PSR.

        Although counsel recognizes the general practice of including all the activity of the co-defendants, in this case, the PSR itself distinguishes the defendant as part of a separate group from the co-defendants (see PSR ¶ 13).

3.       After discussion with AUSA Steve Tiscione and consistent with the position taken by the Government and Probation, with other defendants, PSR ¶ 71 should be deleted from the Presentence Report.

## PERSONAL HISTORY

Mehmeti is a 38 year old man who has been using marijuana since he was 15 years old PSR ¶ 87. He obtained his GED, September 29, 1997, at the age of 22, PSR ¶ 88. He has written a letter to Your Honor, accepting responsibility and evidencing remorse for the missteps that have led him to be before the Court (Exhibit A). He reflects on the harsh conditions he has endured while being incarcerated at MDC especially not being with his sister at the end of her life. All of the letters submitted in Exhibit B and his own letter reflect the deep sorrow he has experienced in not being with her when she passed. As the Court is aware, it is no secret that incarceration at MDC is much harsher than at a Federal jail. MDC was not meant to be an institution for long periods of confinement. Due to the many defendants and complexities of this case Mehmeti has been in MDC for two (2) years.

In his letter he fully accepts responsibility for his wrongdoing. As outlined previously, he was one of the first to do so and his acceptance and input influenced others to save needed resources of the Government and Court. He explains the financial pressures that led him to be involved in this matter but expresses hope for the future in starting a new life with his fiance'.

In the letters (Exhibit B) from his uncles Cafo Boga and James Boga, his sisters Hana Mehmeti and Nafijie Castro we learn of a young man who has had a tough upbringing but who was heroic, who went to Serbia and volunteered to resist the ethnic cleansing that was being perpetrated there. Mehmeti helped save another volunteer who lost a leg in the fighting. He was interviewed by Time magazine (Nafie Castro's letter, Exhibit B).He located members of his family who were thought lost or killed (James Boga letter).Although he fathered a boy when he was himself a teenager he never turned his back on his responsibility and his son now attends Temple University. It is very difficult on Mehmeti that while incarcerated he no longer can help him (James Boga letter). Jennifer Gjelaj's letter (Exhibit B) evinces hope for the future. It also reflects on a man that supported her throughout her own mother's fight with cancer and more than that exposes how Mehmeti would console other patients when he went with her mother for

treatment. Finally, the common theme of all the letters in support is that Mehmeti is a person who is there for you when you are in need.

Respectfully submitted,

Gerald J. Di Chiara

cc: AUSA Steve Tiscione
   AUSA Gina Marie Parlovecchio
   USPO John J. Lanigan